IN RE <u>Lindell, Michael J. & Lindell, Karen A.</u>                                                    Case No. <u>04-41269</u>
Debtor(s)

# AMENDED  SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attached a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions only in Schedule C - Property Claimed as Exempt.

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leased.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **misc cash** | J | 10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Victoria State Bank checking** | J | 1.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **misc hshld goods** | J | 4,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **misc apparel** | J | 2,000.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **sporting goods/hunting/fishing gear** | J | 2,000.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Twin Silver Inc. Stock** | W | 1.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | **Claim against Nathan Neff for $15,000.00 for the sale of notes in December 2003 (oral promise in addition to the $50,000.00 written sales agreement)** | J | 15,000.00 |

IN RE **Lindell, Michael J. & Lindell, Karen A.**  Case No. **04-41269**
Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1995 GMC Sierra** | J | 9,000.00 |
| | | **1998 Dodge Durango** | J | 9,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 41,012.00 |

**0** continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

**SCHEDULE B - PERSONAL PROPERTY**

IN RE Lindell, Michael J. & Lindell, Karen A.
Debtor(s)

Case No. 04-41269

## AMENDED  SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☑ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). NOTE: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| misc cash | 11 USC § 522(d)(5) | 10.00 | 10.00 |
| Victoria State Bank checking | 11 USC § 522(d)(5) | 1.00 | 1.00 |
| misc hshld goods | 11 USC § 522(d)(3) | 4,000.00 | 4,000.00 |
| misc apparel | 11 USC § 522(d)(3) | 2,000.00 | 2,000.00 |
| sporting goods/hunting/fishing gear | 11 USC § 522(d)(5) | 2,000.00 | 2,000.00 |
| Twin Silver Inc. Stock | 11 USC § 522(d)(5) | 1.00 | 1.00 |
| Claim against Nathan Neff for $15,000.00 for the sale of notes in December 2003 (oral promise in addition to the $50,000.00 written sales agreement) | 11 USC § 522(d)(5) | 15,000.00 | 15,000.00 |
| 1995 GMC Sierra | 11 USC § 522(d)(2) | 2,950.00 | 9,000.00 |
| 1998 Dodge Durango | 11 USC § 522(d)(2) | 2,950.00 | 9,000.00 |

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Lindell, Michael J. & Lindell, Karen A.
Debtor(s)

Case No. 04-41269

## AMENDED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H","W","J", or "C", respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Certegy<br>PO Box 30046<br>Tampa, FL 33630-3046 | | J | NSF Checks to Grand Casino | | | | 1,570.00 |
| Account No.<br>Citilease<br>C/O CLX Systems Inc.<br>6031 Woodhill Lane<br>Rockford, MN 55373-2102 | | J | Leae deficiency on a credit card machine | | | | 406.00 |
| Account No.<br>Dr. Posselt, DDS<br>1580 White Oak Drive   Suite 275<br>Chaska, MN 55318 | | J | Dental Services | | | | 10,091.00 |
| Account No.<br>Ecowater Of Hopkins<br>61 7th Ave So<br>Hopkins, MN 55343 | | J | Consumer debt | | | | 208.00 |
| Account No.<br>Fairview Hospital<br>C/O JC Christiansen<br>PO Box 519<br>Sauk Rapids, MN 56379 | | J | Medical Debt | | | | 654.00 |

__2__ Continuation Sheets attached

Subtotal (Total of this page) 12,929.00

(Complete only on last sheet of Schedule F) **TOTAL**

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

IN RE **Lindell, Michael J. & Lindell, Karen A.**                                           Case No. **04-41269**
Debtor(s)

**AMENDED**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Fashion Bug<br>745 Center Street<br>Milford, OH 45150 | | J | Revolving Charge | | | | 471.00 |
| Account No.<br>Flamingo Laughlin<br>1900 S Casino Dr<br>Laughlin, NV 89029 | | J | NSF Checks | | | | 1,025.00 |
| Account No.<br>Gary Lund<br>315 W 2nd Street<br>Chaska, MN 55318 | | J | Loans | | | | 26,000.00 |
| Account No. 3276<br>Hoppers<br>C/O Collection Resources<br>PO Box 2270<br>St. Cloud, MN 56302-2270 | | J | NSF Checks | | | | 530.00 |
| Account No.<br>Jim Lindell<br>27125 Beverly Drive<br>Excelsior, MN 55331 | | J | Unpaid rent on home | | | | 5,500.00 |
| Account No.<br>Jim Lindell<br>27125 Beverly Drive<br>Excelsior, MN 55331 | | J | Loan (preference claims by estate) | | | | 44,500.00 |
| Account No.<br>John Taylor<br>966 Carriage Hills Drive<br>Chaska, MN 55315 | | J | Loan | | | | 6,900.00 |

Sheet ___**1**___ of ___**2**___ Continuation Sheets attached to Schedule F

Subtotal (Total of this page)  **84,926.00**

(Complete only on last sheet of Schedule F) **TOTAL**

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

IN RE <u>Lindell, Michael J. & Lindell, Karen A.</u>   Case No. <u>**04-41269**</u>
Debtor(s)

<u>AMENDED</u>     **SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Paul Storms Accounting**<br>**PO Box 446**<br>**Victoria, MN 55386** | | J | Accounting svcs | | | | 3,000.00 |
| Account No.<br>**PVC Construction**<br>**1652 Church Lake Blvd**<br>**Victoria, MN 55386** | | J | Labor and materials | | | | 6,800.00 |
| Account No.<br>**Quality Wine And Spirits**<br>**C/O Mark Pitzele**<br>**5100 Gamble Dr Suite 460**<br>**St. Louis Park, MN 55416** | | J | Judgment (same claim and judgment as Scott Litson  10-CV-04-1 | | | | 7,647.00 |
| Account No.<br>**Retailers Nat Bank**<br>**PO Box 59231**<br>**Minneapolis, MN 55459-0231** | | J | Revolving Charge | | | | 356.00 |
| Account No.<br>**Wayne Salden**<br>**C/O Joseph Dicker**<br>**403A St. Anthony Main  219 Se Main St**<br>**Minneapolis, MN 55414** | | J | No valid claim | | X | X | 25,470.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet _____**2** of _____**2** Continuation Sheets attached to Schedule F

Subtotal (Total of this page)  **43,273.00**

(Complete only on last sheet of Schedule F) **TOTAL**  **141,128.00**

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**United States Bankruptcy Court**
**District of Minnesota**

IN RE:                                                                            Case No. **04-41269**

**Lindell, Michael J. & Lindell, Karen A.**                   Chapter **7**
Debtor(s)

# AMENDED STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☑ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 88,000.00 | Sale of Schmitty's Tavern between April-July 2003 |
| 41,000.00 | Sale of homestead to father on 11/14/03 |
| 50,000.00 | Sale of promisory notes in December 2003 |

**3. Payments to creditors**

None ☑ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Jim Lindell<br>27125 Beverly Drive<br>Excelsior, MN 55331<br>Father | 7/31/03  11/14/03  Dec. 2003 | 44,500.00 | 5,500.00 |

STATEMENT OF FINANCIAL AFFAIRS

Gary Lund
315 W 2nd Street
Chaska, MN 55318
Friend

11/14/03    3,618.23    26,000.00

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**10. Other transfers**

None ☐ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Nathan Neff, Dba JNG Corporation<br>C/O Wiliam Nordstrom, Atty<br>7400 Metro Blvd Suite 100<br>Edina, MN 55439<br>None | November 2003 | Sold two promissory notes from the sale of Schmitty's Tavern for a discounted amount of $65,000.00 (notes were for $260,000.00). Debtor was concerned these note would become worthless and uncolictables after Schmitty's Tavern lost it pull tab business in mid-2004. |
| Jim Lindell | 11/14/03 | Sold homestead to father for |

STATEMENT OF FINANCIAL AFFAIRS

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| 27125 Beverly Drive<br>Excelsior, MN 55331<br>Father | | $179,000.00 (maximum mortgage company would lend). Fair market value of homestead $212,000.00 (lender apparaisal). Debtors took back a purchase agreement from father to purchase the house on a contract for deed. Debtor's received $41,00.00 at closing after satisfaction of existing mortgage, back property taxes and closing costs) |
| Greg Glenn - Block One Hospitality<br>7900 Quamoclit<br>Victoria, MN 55386<br>None | Purchase Agreement entered into in May 2003 closing 7/31/03 | Sold assets of Schmitty's Tavern on July 31, 2003 for $500,000.00. |

**11. Closed financial accounts**

☑ None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, association, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

☑ None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

☑ None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

☑ None  List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

☑ None  If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

☑ None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

☑ None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

**STATEMENT OF FINANCIAL AFFAIRS**

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

### 18. Nature, location and name of business

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Twin Silver Inc,. Dba Schmitty's Tavern | Unknown | 7900 Quamoclit Victoria, MN 55386 | Bar/Tavern | 1990-2003 |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

### 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

### 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

STATEMENT OF FINANCIAL AFFAIRS

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of this case.

**25. Pension Funds.**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **June 2, 2004**   Signature of Debtor   **Michael J. Lindell**

Date: **June 2, 2004**   Signature of Joint Debtor (if any)   **Karen A. Lindell**

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

**STATEMENT OF FINANCIAL AFFAIRS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Lindell, Michael J.
Lindell, Karen A.

**SIGNATURE DECLARATION**

Debtor(s).

Case No. _____

- \_\_\_ PETITION, SCHEDULES & STATEMENTS
- \_\_\_ CHAPTER 13 PLAN
- \_\_\_ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
- \_\_\_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- \_\_\_ MODIFIED CHAPTER 13 PLAN
- _X_ OTHER (Please describe: Amended Schedule F and Amended Statement of Financial Affairs

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 5/26/04

X _[signature]_   X _[signature]_
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

Michael J. Lindell    Karen A. Lindell
Printed Name of Debtor or Authorized Representative    Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re:<br>Lindell, Michael J.<br>Lindell, Karen A.<br><br>           Debtor (s), | BKY NO  04-41269 |

**CERTIFICATE OF SERVICE**

I, Mark L. Soule, attorney for the above-named debtor(s), hereby certify that on The 2nd day of June, 2004 , I personally served by first class mail the following documents: Amended Schedules B, C, and F, Amended Statement of Financial Affairs, (See the attached Service List consisting of  1 page).

I declare under penalty of perjury that the foregoing is true and correct:

Dated:  6/2/2004                                     /e/ Mark L. Soule
                                                              Mark L. Soule     Reg. No. 172078
                                                              Attorney at Law
                                                              816 West St. Germain
                                                              St. Cloud, MN 56301
                                                              (320)-251-0999

## SERVICE LIST

Dwight Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402

US Trustee
1015 US Courthouse
300 S 4th Street
Minneapolis, MN 55415

Certegy
PO Box 30046
Tampa, FL 33630-3046

Citilease
c/o CLX Systems Inc
6031 Woodhill Lane
Rockford, MN 55373-2102

Dr. Posselt, DDS
1580 White Oak Drive #275
Chaska, MN 55318

Ecowater of Hopkins
61 7th Ave So
Hopkins, MN 55343

Fairview Hospital
c/o JC Christiansen
PO Box 519
Sauk Rapids, MN 56379

Fashion Bug
745 Center Street
Milford, OH 45150

Flamingo Laughlin
1900 S Casino Drive
Laughlin, NV 89029

Gary Lund
315 W 2nd Street
Chaska, MN 55318

Hoppers
c/o Collection Resources
PO Box 2270
St. Cloud, MN 56302-2270

Jim Lindell
27125 Beverly Dr.
Excelsior, MN 55331

John Taylor
966 Carriage Hills Dr
Chaska, MN 55315

Paul Storms Accounting
PO Box 446
Victoria, MN 55386

PVC Construction
1652 Church Lake Blvd
Victoria, MN 55386

Quality Wine and Spirits
c/o Mark Pitzele
5100 Gamble Dr   Suite 460
St. Louis Park, MN 55416

Retailers Nat. Bank
PO Box 59231
Minneapolis, MN 55459-0231

Wayne Salden
c/o Joseph Dicker
403A St Anthony Main
219 SE Main St
Minneapolis, MN 55414

```
CERTEGY
PO BOX 30046
TAMPA FL  33630-3046


CITILEASE
C/O CLX SYSTEMS INC
6031 WOODHILL LANE
ROCKFORD MN  55373-2102


DR POSSELT  DDS
1580 WHITE OAK DRIVE    SUITE 275
CHASKA MN  55318


ECOWATER OF HOPKINS
61  7TH AVE SO
HOPKINS MN  55343


FAIRVIEW HOSPITAL
C/O JC CHRISTIANSEN
PO BOX 519
SAUK RAPIDS MN  56379


FASHION BUG
745 CENTER STREET
MILFORD OH  45150


FLAMINGO LAUGHLIN
1900 S CASINO DR
LAUGHLIN NV  89029


GARY LUND
315 W 2ND STREET
CHASKA MN  55318
```

```
HOPPERS
C/O COLLECTION RESOURCES
PO BOX 2270
ST. CLOUD MN   56302-2270


JIM LINDELL
27125 BEVERLY DRIVE
EXCELSIOR MN   55331


JOHN TAYLOR
966 CARRIAGE HILLS DRIVE
CHASKA MN   55315


MINNESOTA DEPARTMENT OF REVENUE
10 RIVER PARK PLAZA   MS 1750
ST PAUL MN   55146-1750


PAUL STORMS ACCOUNTING
PO BOX 446
VICTORIA MN   55386


PVC   CONSTRUCTION

1652 CHURCH LAKE BLVD
VICTORIA MN   55386


QUALITY WINE AND SPIRITS
C/O MARK PITZELE
5100 GAMBLE DR    SUITE 460
ST. LOUIS PARK MN   55416


RETAILERS NAT BANK
PO BOX 59231
MINNEAPOLIS MN   55459-0231
```

VICTORIA STATE BANK
1639 ARBORETUM BLVD
VICTORIA MN  55386-7705


WAYNE SALDEN
C/O JOSEPH DICKER
403A ST ANTHONY MAIN  219 SE MAIN ST
MINNEAPOLIS MN  55414