UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:                                          Chapter 7

Michael J. Lindell and Karen A. Lindell         Bky Case No. 04-41269
a/s/f Twin Silver, Inc.
                    Debtors.

---

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES
AS ATTORNEYS FOR THE CHAPTER 7 TRUSTEE**

---

To:     Dwight R.J. Lindquist, Chapter 7 Trustee and The United States Trustee.

1.      Best & Flanagan, LLP ("B&F"), attorneys for the Chapter 7 Trustee, ("Trustee") in the above captioned case, make the following final Application for Compensation and Reimbursement of Expenses ("Application").  This Application shall be reviewed as part of the Trustee's Final Report pursuant to Local Rule of Bankruptcy Procedure 2016-1(a).

2.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1.  This Application is filed under Bankruptcy Rule 2016 and Local Rule 2016-1.  This Application arises under 11 U.S.C. §§ 330 and 331.  B&F requests final allowance of compensation for professional services rendered and for reimbursement of expenses incurred in its representation of the Trustee.  This is a core proceeding.  The debtor filed a petition commencing this Chapter 7 bankruptcy case on March 10, 2004.  The case is now pending in this Court.

3.      On or about April 28, 2004, the Trustee's Application for employment of B&F as counsel for the Trustee was delivered by the Trustee to the United States Trustee.  By order dated

May 6, 2004, a copy of which is attached to the filed copy of this Application as Exhibit A, the Trustee was authorized by the Court to employ B&F. The Exhibits to this Application can be obtained from the Bankruptcy Court's website http://www.mnb.uscourts.gov or by requesting copies from Patrick Hennessy at Best & Flanagan LLP. All services rendered by B&F, and all expenses incurred, have been on behalf of the Trustee and the estate. B&F has not received a retainer in connection with this case.

4.     B&F was retained by the Trustee on an hourly fee basis to investigate possible preferential or fraudulent conveyances by the Debtors pre-petition and to litigate the bankruptcy estate's claims, and provide services as needed on other issues arising in the case.

5.     Attached to the filed copy of this Application as Exhibit B is a Summary Sheet identifying all of B&F's professionals and paraprofessionals who have rendered services for which fees are requested in this Application, including the hourly rates charged by each such professional and paraprofessional, and the dates of any changes in rates. The rates which B&F has charged in connection with this Application are the same rates which B&F charges non-bankruptcy clients for similar services.

6.     This Application is a Final Application for Allowance of Compensation and Reimbursement of Expenses incurred in this case for the period from April 20, 2004 through September 18, 2006.

7.     To the best of B&F's knowledge, there are no allowed administrative expenses unpaid as of the date of this Application. B&F understands the estate has and will incur administrative expenses in the nature of Trustee's fees and accountant's fees.

8.     For the period from April 20, 2004 through September 18, 2006, B&F has performed actual and necessary services for the Chapter 7 Trustee in its capacity as counsel to

the Trustee.  As required by Local Rule 2016-1(c), attached to the filed copy of this Application

as Exhibit C are statements of fees and expenses incurred on behalf of the Trustee in this

bankruptcy case through the date hereof.  Those statements contain an itemization of time

separated by task or proceeding, and stating for each such task or proceeding a description of the

task, a detailed list or description of the increment of time expended on the task, and the name of

the person who expended time on each task.  The total value of such services is $74,430.50.

However, in light of the total recovery from such litigation, and although recovery was reduced

because of the uncollectability of a $20,000.00 judgment, B&F has reduced its application for

fees to $62,250.00.

9.       A summary of the services performed, the amount of time involved, and the

results achieved are as follows:

A)       <u>Discovery of Debtors' Transactions and Rule 2004 Examination of Debtors</u>.
Trustee retained B&F to compel discovery of debtors' financial transactions
shortly prior to filing the bankruptcy and production of documents, which
transactions had not been disclosed by the Debtors in the initial schedules.
Debtors had failed and refused to fully respond to the Trustee's inquiries or had
provided conflicting information.  B&F reviewed information which had been
provided, obtained additional information from research with the Secretary of
State, County Recorder's office and obtaining bank records and other financial
documents from the Debtors.  Your Applicant prepared subpoenas on Debtors'
bank, prepared authorizations for release of records to title companies with whom
the Debtors had dealt, and obtained such records; obtained and reviewed abstracts
of real properties which the Debtors had sold in the year prior to filing the
bankruptcy.  Your Applicant also scheduled and conducted depositions of Mr. and
Mrs. Lindell to further develop information regarding the Debtors' pre-petition
transfers.  Your Applicant's services led to the development of two claims, one
against the Debtors and Mr. Lindell's father, James Lindell, and the other against
Robert Weierke and JNG Corporation.  Your Applicant litigated these claims on
behalf of the Trustee as more fully described below.  These claims, as discussed
below, have resulted in settlements or judgments totalling $110,150.00 in favor of
the bankruptcy estate.  Your Applicant expended a total of 27.75 hours in
connection with this investigation, with a fair value of $8,501.75.

B)       <u>Lindell Adversary Proceeding</u>.  B&F prepared and served a complaint against
James Lindell and the Debtors seeking recovery of real property transferred by the

3

Debtors to James Lindell within months prior to the filing of the bankruptcy petition, or alternatively the proceeds of same, approximately $42,000.00 of which had been transferred by the Debtors to James Lindell. B&F conducted discovery of James Lindell and the Debtors, including document production of both Debtors and James Lindell, depositions and interrogatories. B&F prepared the case for trial, including preparation and filing of witness lists, trial memorandum and exhibit lists. On the eve of trial, B&F negotiated a settlement of these claims with the Defendants. The settlement reflected some discount on the claim based upon collectability issues raised by Defendant James Lindell. The settlement of this matter resulted in recovery by the bankruptcy estate of $30,000.00. Your Applicant expended a total of 62.75 hours in connection with this litigation, with a fair value of $16,053.75.

C)     <u>JNG and Weierke Adversary Proceeding</u>. B&F's investigation also revealed that the Debtors had sold two promissory notes with a face value of approximately $265,000.00 shortly prior to the filing of the bankruptcy petition, at a greatly reduced price of $50,000.00. Debtors did not originally schedule information regarding this transaction and, in response to discovery demands and Trustee's investigation, provided conflicting information regarding the terms of this transaction, including asserted oral agreements conflicting with the written documents. B&F conducted factual investigation, as described above, researched and prepared a complaint and litigated the bankruptcy estate's claims arising out of these transactions against the initial transferee, JNG Corporation, and a subsequent transferee, Robert Weierke. This litigation also involved questions regarding the Debtors' relationship with the Debtors' closely held corporation, Twin Silver, Inc., as one of the notes transferred was originally payable to Twin Silver, Inc. B&F conducted discovery of the Debtors, the purchaser of the underlying assets, and payee on the notes transferred, and of the defendants, including document production, document subpoenas, interrogatories and depositions of Nathan Neff, Robert Weierke and Craig Glynn. To establish the case, your applicant also retained, consulted with and prepared experts concerning valuation of the real property which secured the notes transferred, and an expert in valuation of the notes. Your Applicant prepared for and tried this case with respect to Defendant JNG. Default judgment was obtained against Twin Silver determining that the note originally payable to Twin Silver was an asset of the Debtors. Shortly prior to trial, B&F negotiated a settlement of the claims with Robert Weierke. The bankruptcy estate has recovered $60,000.00 in the settlement with Mr. Weierke, and a judgment against JNG in the amount of $80,150.00, less a credit of $60,000.00 for the amounts recovered from Mr. Weierke. B&F conducted post-judgment discovery regarding JNG, including interrogatories and document requests, subpoenaed additional bank records from the banks JNG had done business with, garnished these bank accounts and, when it was established the banks' accounts had been completely depleted, conducted a deposition of JNG's principal, Nathan Neff. B&F's review indicated that an alter-ego or fraudulent conveyance claim could probably be asserted against Nathan Neff as principal of JNG. However, based upon the information obtained

4

in discovery of JNG, and review of Mr. Neff's personal divorce filings, which included numerous discovery motions seeking financial information from Mr. Neff by his spouse, and the fact that no assets had been discovered in Mr. Neff's name as a result of this discovery, other than the homestead, B&F recommended the Trustee not pursue further action as the costs of same would probably exceed any recovery. Your Applicant expended a total of 201.15 hours in connection with this litigation, with a fair value of $48,743.25.

D)    <u>General Advice</u>. Your Applicant has provided Trustee with advice concerning claim allowance issues. Creditors with claims against the corporate entity, Twin Silver, have filed claims in this case. Your Applicant has advised the Trustee regarding the impact on the allowance of such claims of the Trustee's successful assertion of an alter ego claim against Twin Silver, Inc. Your Applicant expended a total of 1.35 hours in connection with this advice, with a fair value of $441.25.

E)    <u>Professional Services Applications</u>. Your Applicant expended a total of 2.10 hours in preparing the required applications for fees in this matter, with a fair value of $690.50.

10.    In addition to fees, B&F incurred actual and necessary expenses from April 20, 2004 through September 18, 2006 for which it has not been reimbursed, in the total amount of $10,531.43. Such expenses are also set forth in detail in Exhibit C. Per page charges for faxes are $.50 and for photocopies are $.20. Expenses including telephone, delivery charges, Secretary of State charges, postage, Westlaw and expert witness reports and charges are the actual expenses paid by B&F.

11.    The amount requested by B&F constitutes the reasonable value of the actual and necessary services which B&F rendered on behalf of the Trustee, and the actual and necessary costs incurred on behalf of the estate.

12.    B&F has not entered into any agreement, express or implied, with any other person for the sharing of compensation received or to be received for the services rendered in connection with this case, except as provided for or allowed by 11 U.S.C. §504(b)(1).

WHEREFORE, B&F respectfully requests that its application be approved and

5

1.      That B&F be allowed final compensation for services rendered April 20, 2004 through September 18, 2006 in the amount of $62,250.00;

2.      That B&F be allowed final reimbursement of expenses incurred for the same period in the amount of $10,531.43; and

3.      That the Trustee be authorized to pay B&F such allowed fees and costs.

Respectfully submitted this 17th day of October, 2006.


BEST & FLANAGAN LLP


By_____/e/ Patrick B. Hennessy_____
          Patrick B. Hennessy
          Attorney Registration No. 124412
          225 South Sixth Street, Suite 4000
          Minneapolis, MN 55402
          (612) 339-7121

          Attorneys for Dwight R. J. Lindquist,
          Chapter 7 Trustee for the Bankruptcy Estate
          of Michael A. Lindell and Karen J. Lindell

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 7 |
| Michael J. Lindell and Karen A. Lindell a/s/f Twin Silver, Inc. | Bky Case No. 04-41269 |
| Debtors. | |

## UNSWORN VERIFICATION AND
## DECLARATION REGARDING ELECTRONIC FILING

I, Patrick B. Hennessy, declare under penalty of perjury under the laws of the United States that:

1.      I am a partner in the firm of Best & Flanagan LLP.

2.      I have read the Final Application for Allowance of Compensation and Reimbursement of Expenses as Attorneys for the Chapter 7 Trustee, know its contents, and state that the same are true and correct to the best of my knowledge, information and belief.

3.      I understand that this Verification will be scanned into PDF format and inserted into the electronic submission of this Application.

4.      I consent to the Application being filed electronically, and that Best & Flanagan LLP, will retain the original in its file.  Best & Flanagan LLP will retain the original of this unsworn declaration in its file for 2 years.

Dated: October 17, 2006

Patrick B. Hennessy

7

# EXHIBIT A

MN-252
(Rev'd 10-00)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In Re:                              )
                                    )
MICHAEL J. LINDELL                  )          Chapter 7
KAREN A. LINDELL,                   )          BKY Case No.  04-41269
                                    )
                     Debtors.   )

---

## ORDER

---

The Application to Employ Best & Flanagan LLP and Patrick B. Hennessy as attorney of the estate came before the undersigned. Based on the Application, the Recommendation of the United States Trustee, and pursuant to the provisions of Title 11, United States Code 327.

IT IS HEREBY ORDERED the professional employment applied for is hereby approved subject to the limitations on compensation provided by Title 11, United States Code 328.

Dated: __5|6|04__, 2004

ROBERT J. KRESSEL
United States Bankruptcy Judge

NOTICE OF ELECTRONIC FILING ENTRY ORDER OR JUDGEMENT
Filed and Docket Entry Made on __5|6|04__
Lori Vosejpka, Acting Clerk by: _____

q-1

**EXHIBIT B**

**FEE APPLICATION SUMMARY SHEET**

In Re:                                   Chapter 7

Michael J. Lindell and Karen A. Lindell          Bky Case No. 04-41269
a/s/f Twin Silver, Inc.
                    Debtors.

| | | | |
|---|---|---|---|
| Fees Previously Requested: | $0.00 | **Name of Applicant**: | Best & Flanagan, LLP |
| Fees Previously Awarded: | $0.00 | **Role in the Case**: | Attorneys for Trustee |
| | | | |
| Expenses Previously Requested: | $0.00 | **Current Application**: | |
| Expenses Previously Awarded: | $0.00 | Fees Requested: | $62,250.00 |
| | | Expenses Requested: | 10,531.43 |
| Retainer Paid: | $0.00 | | $72,781.43 |

| Name of Professional | Year Admitted to Practice | Hours Billed Current Application | Rate |
|---|---|---|---|
| **Partners:**<br> Patrick B. Hennessy | 1980 | 184.50 | $325.00 – 2004/2005<br>$335.00 – 2006 |
| **Associates:**<br> Daniel L. Grimsrud | 2003 | 35.60 | $155.00 – 2004<br>$175.00 – 2005<br>$190.00 – 2006 |
| **Legal Assistants:**<br> Danielle Moroz | | 2.20 | $90.00 |
| **Legal Assistants:**<br> Jesse D. Baird | | 72.10 | $110.00 – 2005<br>$120.00 – 2006 |
| **Legal Assistants:**<br> Mary Kay Drietz | | 0.70 | $160.00 |
| **TOTAL** | | **295.10** | **$221.96<br>Blended Rate** |

We certify that our hourly rates are the same for both bankruptcy and non-bankruptcy matters. We further certify that our charges for expenses and disbursements are actual and necessary costs of the administration of the estate.

**EXHIBIT C**



## BEST & FLANAGAN LLP

Invoice Date:   September 21, 2006
Client/Matter:    003828-240010

Dwight R. J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:    Michael J. Lindell and Karen A. Lindell
       Bankruptcy No. 04-41269

| | | |
|---|---:|---:|
| Discovery and 2004 Examination | $ 8,501.75 | |
| Lindell Adversary | 16,053.75 | |
| JNG Weierke Adversary | 48,743.25 | |
| General Advice | 441.25 | |
| Professional Compensation | 690.50 | |
| Total | $74,430.50 | |
| Less Discount | 12,180.50 | |
| TOTAL | $62,250.00 | $62,250.00 |

Disbursements as Follows:

| | | |
|---|---:|---:|
| Carver County Abstract | 170.00 | |
| Copies | 1,367.73 | |
| Courier Charge | 82.89 | |
| Craig Glynn Witness Fee and Mileage | 59.35 | |
| Expert Witness Fee - Asset Accumulation, report and trial testimony | 2,777.25 | |
| Fax | 84.20 | |
| Howarth Realty Appraisals – expert report and trial testimony | 2,350.00 | |
| Leonard, O'Brien, Spencer, Gale & Sayre - Copy Charge | 20.10 | |
| Metro Legal – Service Fee | 262.80 | |
| Paradigm Reporting | 2,398.23 | |
| Postage | 84.57 | |
| Secretary of State | 26.00 | |
| Telephone | 3.40 | |
| US Corporate Services UCC Search | 28.75 | |
| Pacer Fee | .16 | |
| Victoria State Bank – Copy Costs | 184.50 | |
| Klein Bank – Copy Costs | 100.00 | |
| Maple Bank – Copy Costs | 100.00 | |
| Westlaw Computer Research | 431.50 | |
| Total Disbursements | $10,531.43 | 10,531.43 |
| Total Services and Disbursements | | $72,781.43 |

**EXHIBIT C**



**BEST & FLANAGAN LLP**

|  |  |
|---|---|
| Invoice Date: | September 21, 2006 |
| Invoice Number: | I |
| Client/Matter: | 003828-240010 |

Dwight R.J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:    Michael J. Lindell and Karen A. Lindell - Bankruptcy No. 04-41269
       Discovery and 2004 Examination

For Legal Services Rendered as Follows:

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 04/20/04 | PBH | .60 | 195.00 | Telephone conference with Trustee regarding avoidance issues, Debtors' attempt to dismiss case. |
| 04/27/04 | PBH | .25 | 81.25 | Telephone conference with Trustee regarding case. |
| 05/10/04 | PBH | 1.80 | 585.00 | Review documents from Debtors, outline discovery required; telephone conferences with Trustee; review new documents; call Debtors' attorney. |
| 05/11/04 | PBH | .80 | 260.00 | Review documents regarding sale transactions and tax returns. |
| 06/01/04 | PBH | 2.40 | 780.00 | Review documents regarding sale transactions, outline document requests; start work on 2004 motions. |
| 06/08/04 | PBH | .40 | 130.00 | Review amended schedules. |
| 07/01/04 | DNM | 2.20 | 198.00 | Research corporate status, officers and addresses of JNG Corporation and Block One Hospitality; correspondence with Trustee. |
| 07/01/04 | PBH | 1.90 | 617.50 | Review documents regarding sales and use of proceeds; telephone conference regarding status of adversary commenced by creditor and discovery; correspondence to Debtors' attorney with document demand. |
| 07/02/04 | PBH | .90 | 292.50 | Correspondence to Debtors' attorney regarding document production. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                  Page 2
                                                                                     Invoice # I

| | | | | |
|---|---|---|---|---|
| 07/15/04 | PBH | .25 | 81.25 | Telephone conference with Mr. Dicker regarding status of non-discharge action; telephone conference with Debtor regarding production of documents. |
| 08/02/04 | PBH | .90 | 292.50 | Meet with Debtor to review documents. |
| 08/04/04 | PBH | .30 | 97.50 | Telephone conference with Debtor regarding production of closing books on house and business sale on Friday. |
| 08/11/04 | PBH | .25 | 81.25 | Telephone conference with Debtor regarding document production. |
| 09/17/04 | PBH | .40 | 130.00 | Review documents regarding transaction with JNG. |
| 09/20/04 | PBH | .30 | 97.50 | Telephone conference with Mr. Dicker regarding Debtors' depositions today. |
| 10/04/04 | PBH | 1.40 | 455.00 | Review documents produced by Debtor. |
| 10/05/04 | PBH | 2.30 | 747.50 | Work through financials and documents produced by Debtors regarding fraudulent conveyance claim; telephone conference with Trustee and Debtors' attorney regarding meeting or reconvened 341 meeting to obtain further information. |
| 10/06/04 | PBH | 1.40 | 455.00 | Work on development of claim against JNG, complaint against Debtor's father; arrange meeting with Debtors and Debtors' counsel |
| 10/07/04 | PBH | 1.30 | 422.50 | Telephone conference with Debtors' attorney regarding meeting; work on claims against JNG. |
| 10/20/04 | PBH | .90 | 292.50 | Review abstracts received today; begin work on exhibits for 2004 depositions of Debtors. |
| 10/21/04 | PBH | 2.20 | 715.00 | Review documents and prepare exhibits; prepare for depositions of Debtors tomorrow. |
| 10/22/04 | PBH | 4.60 | 1,495.00 | Prepare for and take depositions of Mr. and Mrs. Lindell; draft authorization for bank records and closing file on house sale for the Lindells' signatures. |
| | | 27.75 | $8,501.75 | |

Total for Services – Discovery and 2004 Examination                               $8,501.75

**EXHIBIT C**



## BEST & FLANAGAN LLP

|  |  |
|---|---|
| Invoice Date: | September 21, 2006 |
| Invoice Number: | LA |
| Client/Matter: | 003828-240010 |

Dwight R.J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:    Michael J. Lindell and Karen A. Lindell - Bankruptcy No. 04-41269
       Lindell Adversary

For Legal Services Rendered as Follows:

| 05/08/04 | PBH | 1.30 | 422.50 | Reviewed Trustee's investigation and documents regarding business sale and house sale, transfer of proceeds and loan from father. |
| 10/25/04 | PBH | .80 | 260.00 | Research regarding fraudulent conveyance actions against James Lindell. |
| 11/03/04 | PBH | 1.00 | 325.00 | Draft letter to James Lindell regarding fraudulent conveyance and preference payments. |
| 11/08/04 | PBH | .90 | 292.50 | Review bank statements from Victoria State Bank. |
| 11/09/04 | PBH | 1.50 | 487.50 | Review documents from Victoria Bank. |
| 11/19/04 | JDB | 3.00 | 330.00 | Review bank records. |
| 11/30/04 | JDB | 3.20 | 352.00 | Review and note deposition for use in drafting complaint against Mike Lindell. |
| 12/09/04 | PBH | .60 | 195.00 | Work on James Lindell complaint. |
| 12/10/04 | PBH | .40 | 130.00 | Work on complaint against James Lindell regarding preference and fraudulent conveyance. |
| 12/16/04 | PBH | .70 | 227.50 | Work on James Lindell complaint. |
| 12/16/04 | DLG | 2.50 | 387.50 | Review documentation of home sale transaction involving Debtors and James Lindell. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist

Page 2
Invoice # LA

| | | | | |
|---|---|---|---|---|
| 12/20/04 | DLG | 3.30 | 511.50 | Draft adversary complaint for fraudulent transfer and/or preference action against James Lindell and Debtors. |
| 12/21/04 | PBH | 1.30 | 422.50 | Revise and complete complaint against Debtors and James Lindell; research regarding recovery rights. |
| 12/28/04 | PBH | .25 | 81.25 | Telephone conference with Trustee regarding complaint against James Lindell. |
| 12/29/04 | PBH | .80 | 260.00 | Revise James Lindell complaint; telephone conference with Trustee. |
| 12/30/04 | PBH | .25 | 81.25 | File and serve complaint on James Lindell and Debtors. |
| 01/20/05 | PBH | .40 | 130.00 | Telephone conference with Mr. Burton regarding James Lindell's claim and defenses; fax documents to Mr. Burton regarding payments. |
| 01/20/05 | JDB | .30 | 33.00 | Fax copy of deposit slips to Mr. Burton. |
| 02/01/05 | PBH | .60 | 195.00 | Review Debtors' answer to complaint. |
| 02/07/05 | PBH | .90 | 292.50 | Review financial information and settlement offer from Mr. Burton, attorney for James Lindell; telephone conference with Mr. Burton; correspondence to Trustee. |
| 02/09/05 | PBH | .25 | 81.25 | Telephone conference with Mr. Burton regarding financial information from James Lindell. |
| 02/10/05 | PBH | 2.30 | 747.50 | Review trial order; work on interrogatories, document requests and deposition notices. |
| 02/11/05 | PBH | .40 | 130.00 | Telephone conference with Mr. Burton regarding production of bank statements, tax returns, extension of answer; review file and agree to extension. |
| 02/11/05 | PBH | 1.10 | 357.50 | Work on interrogatories; review financials and documents. |
| 02/11/05 | JDB | 3.20 | 352.00 | Begin review of financial records for transactions with James Lindell. |
| 02/14/05 | JDB | 2.60 | 286.00 | Research on Debtors' transactions with James Lindell and JNG. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                    Page 3
                                                                                          Invoice # LA

| 02/17/05 | JDB | 1.60 | 176.00 | Review and finalize document research for James Lindell lawsuit. |
| 03/07/05 | PBH | .40 | 130.00 | Review answer of James Lindell. |
| 03/16/05 | PBH | 2.10 | 682.50 | Draft interrogatories and document requests to James Lindell; draft interrogatories and documents requests to Debtors; draft notice of deposition of James Lindell. |
| 03/17/05 | PBH | .90 | 292.50 | Revise and complete interrogatories and documents requests to James Lindell and Debtors. |
| 03/18/05 | PBH | .60 | 195.00 | Complete and serve discovery on James Lindell. |
| 04/11/05 | PBH | .90 | 292.50 | Telephone conference with Mr. Burton regarding responses to discovery and production of documents; correspondence to Mr. Burton with bank authorization and request for appraisal; draft authorization for James Lindell's accounts at Victoria State Bank. |
| 04/26/05 | PBH | 1.70 | 552.50 | Review responses to interrogatories and documents requests from James Lindell; telephone conference with Mr. Burton regarding document production; telephone conference with Mr. Soule regarding same; schedule document production and reschedule deposition. |
| 04/27/05 | PBH | 2.20 | 715.00 | Review documents produced at Mr. Burton's office. |
| 04/28/05 | PBH | 2.00 | 650.00 | Review documents produced; prepare for James Lindell's deposition. |
| 04/28/05 | JDB | 1.10 | 121.00 | Prepare exhibits for deposition. |
| 04/29/05 | PBH | 4.20 | 1,365.00 | Complete preparation for James Lindell's deposition; review documents from Debtors responsive to discovery produced today by Mr. Soule; conduct James Lindell's deposition. |
| 05/05/05 | PBH | .90 | 292.50 | Extended telephone conference with Mr. Soule regarding settlement issues; telephone conference with Trustee. |
| 05/10/05 | PBH | .40 | 130.00 | Telephone conference with Mr. Burton regarding claims against James Lindell, settlement; telephone conference with Trustee regarding same. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                Page 4
                                                                        Invoice # LA

| Date | | | | |
|------|-----|------|--------|---|
| 05/24/05 | PBH | .70 | 227.50 | Telephone conference with Messrs. Burton and Soule regarding settlement of James Lindell adversary case. |
| 05/25/05 | PBH | .70 | 227.50 | Telephone conference with Messrs. Burton and Soule regarding settlement, factual and exhibit stipulations; telephone conferences with Mr. Soule regarding same. |
| 05/26/05 | PBH | .70 | 227.50 | Telephone conferences with Mr. Burton regarding settlement; call Mr. Soule regarding same; review motion. |
| 05/27/05 | PBH | 1.10 | 357.50 | Correspondence to Messrs. Soule and Burton regarding settlement terms; call Mr. Soule; email Mr. Burton; confirm settlement. |
| 05/31/05 | PBH | .80 | 260.00 | Negotiate final details of settlement agreement; advise court case is settled. |
| 06/01/05 | PBH | .90 | 292.50 | Draft settlement agreement and notice of settlement in James Lindell adversary. |
| 06/02/05 | PBH | .80 | 260.00 | Revise settlement with James Lindell and Debtors and send to Trustee; correspondence to Messrs. Soule and Burton with draft. |
| 06/06/05 | PBH | .50 | 162.50 | Draft revisions to settlement agreement per comments by Messrs. Burton and Soule and fax changes to them. |
| 06/07/05 | PBH | .30 | 97.50 | Confirm Debtors have agreed to language of settlement; call Mr. Burton. |
| 06/09/05 | PBH | .30 | 97.50 | Telephone conference with Mr. Burton confirming settlement, return of documents. |
| 06/14/05 | PBH | .40 | 130.00 | Send settlement agreement signed by Debtors to Trustee for signature; revise agreement as per comments of Messrs. Soule and Burton. |
| 06/15/05 | JDB | .60 | 66.00 | Gather exhibits. |
| 06/15/05 | PBH | .60 | 195.00 | Send settlement notice to Trustee to file; review check and settlement from James Lindell; call Mr. Burton regarding same; send check to Trustee. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                                            Page 5
                                                                                                      Invoice # LA

| 06/16/05 | PBH | .30 | 97.50 | Draft correspondence to Messrs. Soule and Burton with signed agreement, notice to Mr. Soule of payment due. |
| 07/05/05 | PBH | .60 | 195.00 | Telephone conference with Trustee regarding no payments from Debtors; draft and serve default notice. |
| 07/12/05 | PBH | .20 | 65.00 | Telephone conference with Mr. Lindell regarding overdue payment. |
| 09/08/05 | PBH | .40 | 130.00 | Confirm Trustee was paid on James Lindell settlement; check for dismissal of adversary case. |
| | | 62.75 | $16,053.75 | |

Total for Services – Lindell Adversary                                                          $16,053.75

**EXHIBIT C**



## Best & Flanagan llp

|                  |                    |
|------------------|--------------------|
| Invoice Date:    | September 21, 2006 |
| Invoice Number:  | JN                 |
| Client/Matter:   | 003828-240010      |

Dwight R.J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:   Michael J. Lindell and Karen A. Lindell - Bankruptcy No. 04-41269
      JNG – Weierke Adversary

For Legal Services Rendered as Follows:

| 10/04/04 | PBH | .90 | 292.50 | Work on letter to JNG regarding fraudulent conveyance. |
|----------|-----|------|--------|---|
| 10/08/04 | PBH | 1.60 | 520.00 | Review remaining bank documents from Debtor and evidence as to JNG fraudulent conveyance. |
| 10/11/04 | PBH | .70 | 227.50 | Revise and send letter to JNG; order UCC search and corporate record search on Victoria LLC which has UCC filed on debtor. |
| 10/15/04 | PBH | 1.30 | 422.50 | Telephone conference with Mr. Neff and Mr. Nordstrom regarding asserted fraudulent conveyance, subsequent transfer; correspondence to Mr. Nordstrom requesting documents to draft, document release authorization for signature by Mr. Neff for title company records. |
| 10/19/04 | PBH | .40 | 130.00 | Correspondence to Carver County Abstract requesting JNG closing files and submitting authorization for same. |
| 10/26/04 | PBH | .60 | 195.00 | Telephone conference with abstract company regarding production of closing documents on JNG sales and purchase from Debtors. |
| 10/28/04 | PBH | 1.20 | 390.00 | Correspondence to title company with authorization demanding documents for house closing; correspondence to Block One Hospitality requesting documentation on business sale, payments on notices; correspondence to bank requesting account records. |

225 South Sixth Street · Suite 4000 · Minneapolis, MN  55402 · (612) 339-7121 · Fax (612) 339-5897

Tax I.D. # 41-0150277

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                     Page 2
                                                                                          Invoice # JN

| Date | Atty | Hours | Amount | Description |
|------|------|-------|--------|-------------|
| 10/29/04 | PBH | .70 | 227.50 | Review closing documents on JNG note transfers received from title company. |
| 11/01/04 | PBH | .30 | 97.50 | Telephone conference with Craig Glynn regarding payment records. |
| 11/02/04 | PBH | 1.40 | 455.00 | Draft letter to JNG's attorney based upon documents produced by Carver County Abstract and Debtors with summary of legal issues; research. |
| 11/03/04 | PBH | .70 | 227.50 | Revise letter to JNG's attorney; review payment documents from Block One; research regarding fraudulent conveyance action. |
| 11/04/04 | PBH | .80 | 260.00 | Draft production of documents to Robert Weierke for return of notes fraudulently conveyed. |
| 11/10/04 | PBH | .30 | 97.50 | Telephone conference with Mr. Weierke regarding demand for return of notes. |
| 11/23/04 | PBH | .90 | 292.50 | Work on claim regarding Messrs. Neff and Weierke; call Mr. Olive, attorney for Mr. Weierke. |
| 11/23/04 | JDB | 3.80 | 418.00 | Research bank records for transactions with Weierke and Neff. |
| 11/30/04 | PBH | .50 | 162.50 | Work on complaint against JNG and Mr. Weierke. |
| 12/03/04 | JDB | .80 | 88.00 | Prepare memorandum regarding bank transactions involving Messrs. Neff and Weierke. |
| 12/06/04 | JDB | .50 | 55.00 | Finish memorandum regarding the Lindells' payments to Messrs. Weierke and Neff. |
| 12/06/04 | PBH | .60 | 195.00 | Work on factual investigation of claim against JNG and Mr. Weierke. |
| 12/08/04 | DLG | 6.20 | 961.00 | Review documentation relating to sale of notes by Debtors to JNG and subsequently by JNG to Mr. Weierke; draft adversary complaint against JNG and Mr. Weierke. |
| 12/08/04 | PBH | .60 | 195.00 | Work on complaint against JNG. |
| 12/09/04 | PBH | .80 | 260.00 | Review and revise JNG complaint. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                                      Page 3
                                                                                       Invoice # JN

| 12/10/04 | DLG | 2.30 | 356.50 | Review and revise adversary complaint against JNG and Mr. Weierke; review documentation regarding sale of notes by Twin Silver, Inc. |
| 12/13/04 | PBH | 1.20 | 390.00 | Revise complaint against JNG and Mr. Weierke; prepare cover sheet. |
| 12/15/04 | PBH | .20 | 65.00 | File and serve adversary complaint on JNG, Mr. Weierke and Twin Silver. |
| 01/04/05 | PBH | .25 | 81.25 | Telephone conference with Mr. Nordstrom, attorney for JNG, regarding tender to title company and answer extension. |
| 01/10/05 | PBH | .25 | 81.25 | Telephone conference with Mr. Nordstrom regarding issues, answer. |
| 01/13/05 | PBH | .25 | 81.25 | Telephone conference with Mr. Weierke regarding request for extension to answer; grant a one week extension. |
| 01/17/05 | PBH | .60 | 195.00 | Research regarding summary judgment on claim against JNG. |
| 01/20/05 | PBH | .25 | 81.25 | Telephone conference with Mark Olive regarding his representation of Mr. Weierke, grant an extension request. |
| 01/24/05 | PBH | .50 | 162.50 | Sign and file stipulation to extend time to answer for Mr. Weierke; review answer by JNG. |
| 02/10/05 | JDB | .90 | 99.00 | Organize documents obtained on Mr. Weierke and JNG transactions. |
| 02/15/05 | JDB | 4.30 | 473.00 | Research on Debtors' transactions with JNG and Mr. Weierke. |
| 02/22/05 | PBH | 1.60 | 520.00 | Work on discovery from JNG. |
| 02/23/05 | PBH | 2.30 | 747.50 | Draft interrogatories for JNG and Mr. Weierke; draft document production demands. |
| 02/24/05 | PBH | 1.60 | 520.00 | Finalize written discovery on JNG and Mr. Weierke; draft service letters and deposition notices. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                    Page 4
                                                                                        Invoice # JN

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 03/28/05 | PBH | .80 | 260.00 | Telephone conference with Messrs. Olive and Williams regarding response to discovery, rescheduling depositions; send out revised deposition notices. |
| 03/31/05 | PBH | .60 | 195.00 | Review discovery responses from Mr. Neff. |
| 04/01/05 | PBH | .60 | 195.00 | Review responses to discovery by Mr. Neff and JNG. |
| 04/05/05 | PBH | .60 | 195.00 | Review Mr. Weierke's responses to interrogatories and document production; research regarding summary judgment. |
| 04/06/05 | PBH | 2.90 | 942.50 | Prepare for depositions of Messrs. Neff and Weierke; review documents and prepare exhibits. |
| 04/07/05 | PBH | 5.90 | 1,917.50 | Prepare for and take depositions of Nathan Neff and Robert Weierke. |
| 04/08/05 | PBH | 1.90 | 617.50 | Telephone conference with Messrs. Nordstrom and Olive regarding facts, additional deposition, production of documents identified at depositions and extension of discovery; draft extension agreement and order, notice of deposition and subpoena. |
| 04/11/05 | PBH | .30 | 97.50 | Revise stipulation to extend time for discovery and send to other counsel in JNG case. |
| 05/02/05 | PBH | 1.10 | 357.50 | Telephone conferences with appraiser and business valuation expert; telephone conference with Mr. Olive; telephone conference with Mr. Soule. |
| 05/02/05 | JDB | 1.10 | 121.00 | Draft subpoena and notice of acceptance of service. |
| 05/03/05 | PBH | 2.60 | 845.00 | Prepare for and conduct deposition of Mr. Glynn. |
| 05/16/05 | PBH | .40 | 130.00 | Follow up on appraisal; research regarding avoidance of transfer of note if note is not delivered to buyer. |
| 05/16/05 | JDB | .20 | 22.00 | Phone call to Mr. Glynn regarding appraisal. |
| 05/17/05 | JDB | 1.00 | 110.00 | Phone calls with Mr. Glynn regarding appraisal of Schmitty's Tavern; telephone call to Howarth Appraisal regarding Schmitty's Tavern. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                          Page 5
                                                                                        Invoice # JN

| | | | | |
|---|---|---|---|---|
| 05/18/05 | JDB | .50 | 55.00 | Draft correspondence to Howarth Appraisal regarding appraisal of Schmitty's Tavern. |
| 05/24/05 | DLG | 1.25 | 218.75 | Research regarding potential avoidability of note where secured party does not have physical possession of original note; discussions with Mr. Hennessy regarding same. |
| 05/27/05 | DLG | 1.75 | 306.25 | Continued research regarding potential avoidability of note where secured party does not have physical possession of original note. |
| 05/31/05 | JDB | 1.10 | 121.00 | Review Mr. Weierke's and JNG's answers to interrogatories and depositions for trial evidence. |
| 06/01/05 | PBH | .70 | 227.50 | Telephone conference with Messrs. Olive and Nordstrom regarding settlement, meeting to stipulate to facts and exhibits. |
| 06/03/05 | PBH | 1.20 | 390.00 | Telephone conference with appraisers regarding appraisal of property securing loans; research regarding note, possession issue; telephone conference with Mr. Nordstrom. |
| 06/03/05 | DLG | .60 | 105.00 | Research regarding priority issues when note holder does not have actual possession of instrument; draft default papers against Twin Silver, Inc. |
| 06/05/05 | DLG | .50 | 87.50 | Prepare default papers in Twin Silver, Inc. adversary proceeding. |
| 06/06/05 | PBH | 1.20 | 390.00 | Telephone conference with Messrs. Olive and Nordstrom regarding settlement; work on trial exhibits. |
| 06/06/05 | JDB | 1.30 | 143.00 | Prepare trial exhibits. |
| 06/07/05 | JDB | 2.20 | 242.00 | Organize trial exhibits. |
| 06/07/05 | PBH | .80 | 260.00 | Work on trial exhibits and facts; settlement negotiations with Messrs. Nordstrom and Olive. |
| 06/07/05 | DLG | 2.30 | 402.50 | Review and revise default papers in adversary against Twin Silver, Inc. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                         Page 6
Invoice # JN

| 06/08/05 | PBH | 1.60 | 520.00 | Work on exhibit list, witness list, deposition list and default papers; call Mr. Olive. |
| --- | --- | --- | --- | --- |
| 06/08/05 | JDB | 4.20 | 462.00 | Organize exhibits; draft witness list and exhibit list; work on fact stipulation. |
| 06/09/05 | PBH | 2.80 | 910.00 | Correspondence to appraiser regarding report and testimony; work on exhibit and witness lists and fact stipulation; negotiate settlement with Mr. Weierke; correspondence to Mr. Olive confirming same; telephone conference with Mr. Nordstrom; call court. |
| 06/09/05 | JDB | 3.10 | 341.00 | Revise witness list; calculate JNG damage claim; drat subpoenas; organize exhibits. |
| 06/10/05 | JDB | .90 | 99.00 | Revise exhibit list; fax to Messrs. Olive and Nordstrom regarding continuance; call Mr. Howarth regarding continuance. |
| 06/10/05 | DLG | .60 | 105.00 | Review and revise default papers in adversary proceeding against Twin Silver, Inc.; prepare settlement agreement between trustee and Mr. Weierke. |
| 06/13/05 | DLG | 4.25 | 743.75 | Review and revise default papers in adversary proceeding against Twin Silver, Inc.; prepare assignment of mortgage and warranty bill of sale between Trustee and Mr. Weierke; review and revise settlement agreement between Trustee and Mr. Weierke. |
| 06/14/05 | PBH | 1.30 | 422.50 | Telephone conference with Trustee regarding settlement authority with JNG; revise settlement agreement with Mr. Weierke; revise application for default against Twin Silver. |
| 06/15/05 | DLG | 2.80 | 490.00 | Complete preparation of assignment of mortgage and warranty bill of sale between Trustee and Mr. Weierke; review and revise settlement agreement between Trustee and Mr. Weierke. |
| 06/15/05 | PBH | .60 | 195.00 | Revise settlement agreement and related bill of sale and assignment of mortgage and send to Trustee for review. |
| 06/16/05 | PBH | 1.20 | 390.00 | Draft settlement notice; revise settlement agreement and related documents; draft order approving settlement, dismissal stipulation and order. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                              Page 7
Invoice # JN

| | | | | |
|---|---|---|---|---|
| 06/17/05 | PBH | .60 | 195.00 | Complete notice of settlement with Mr. Weierke and send to Trustee with settlement agreement; correspondence to Mr. Olive regarding settlement documents. |
| 06/17/05 | JDB | 2.60 | 286.00 | Organize exhibits; revise exhibit list. |
| 06/21/05 | PBH | .25 | 81.25 | Telephone conference with Trustee regarding Weierke settlement. |
| 06/28/05 | JDB | .30 | 33.00 | Revise exhibit list. |
| 06/30/05 | PBH | 1.90 | 617.50 | Draft fact statement, instruction and issues for JNG trial brief. |
| 07/01/05 | JDB | .90 | 99.00 | Prepare exhibits. |
| 07/05/05 | PBH | .80 | 260.00 | Revise trial brief for JNG trial; telephone conference with Mr. Olive regarding settlement agreement. |
| 07/06/05 | JDB | .30 | 33.00 | Revise exhibit references in memorandum of law. |
| 07/11/05 | PBH | .90 | 292.50 | Telephone conference with appraiser; correspondence to expert, Bruce Dachis, regarding valuation of notes. |
| 07/12/05 | PBH | .40 | 130.00 | Confirm Mr. Weierke signed settlement; revise notice of settlement and send to Trustee for filing. |
| 07/20/05 | DLG | 2.50 | 437.50 | Review file and exhibits; research regarding disregard of corporate entity and elements of a fraudulent transfer under 11 U.S.C. § 548. |
| 07/21/05 | DLG | 3.00 | 525.00 | Continued research regarding disregard of corporate entity and elements of a fraudulent transfer under 11 U.S.C. § 548. |
| 07/22/05 | DLG | 1.75 | 306.25 | Review and revise trial brief. |
| 07/22/05 | PBH | .60 | 195.00 | Work on trial brief; call expert. |
| 07/25/05 | PBH | .60 | 195.00 | Telephone conference with expert regarding report on note values; telephone conference with appraisers regarding property value. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 07/27/05 | PBH | .70 | 227.50 | Revise default papers regarding Twin Silver; revise trial brief; telephone conference with Mr. Nordstrom regarding meeting to stipulate to exhibits, facts and depositions. |
| 07/27/05 | JDB | .70 | 77.00 | Revise affidavit on the merits; attach exhibits. |
| 07/28/05 | PBH | 2.40 | 780.00 | Draft fact stipulation, stipulation regarding exhibits, depositions; telephone conference with Mr. Nordstrom regarding meeting to review exhibits and fact stipulation; telephone conference with Trustee regarding settlement issues. |
| 07/28/05 | JDB | .70 | 77.00 | Organize exhibits to affidavit on the merits and compare it to exhibits to complaint. |
| 07/29/05 | JDB | 1.20 | 132.00 | Draft affidavit on the merits. |
| 07/29/05 | PBH | .80 | 260.00 | Revise fact stipulation; revise trial exhibits. |
| 08/01/05 | PBH | 3.20 | 1,040.00 | Meet with Mr. Nordstrom in Edina to go over fact, exhibit and deposition stipulations; revise fact and exhibit stipulations. |
| 08/02/05 | PBH | .40 | 130.00 | Complete and send stipulation to Mr. Nordstrom; telephone conference with Mr. Nordstrom regarding same. |
| 08/04/05 | PBH | 1.60 | 520.00 | Revise default affidavit regarding Twin Silver; telephone conference with Debtor regarding testimony; telephone conference with expert regarding testimony; complete witness list and testimony descriptions. |
| 08/08/05 | PBH | 2.60 | 845.00 | Complete findings and order; revise and complete trial brief; revise and complete application for default; telephone conference with Mr. Nordstrom regarding stipulations; filed documents. |
| 08/09/05 | PBH | .70 | 227.50 | Review trial brief of defendant; file fact and exhibit stipulations; telephone conference with expert witness; telephone conference with Mr. Nordstrom. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist                                                                                      Page 9
                                                                                                    Invoice # JN

| | | | | |
|---|---|---|---|---|
| 08/10/05 | PBH | 1.70 | 552.50 | Review trial brief, exhibit list and witness list from Mr. Nordstrom; telephone conference with Mr. Nordstrom regarding exhibits not previously provided; telephone conference with Mr. Lindell regarding meeting; work on trial preparation. |
| 08/11/05 | PBH | 1.80 | 585.00 | Telephone conference with expert regarding testimony scheduling; review depositions and exhibits in preparation for trial; review new case on alter ego. |
| 08/12/05 | PBH | 3.80 | 1,235.00 | Prepare for trial; meet with Mr. Lindell to review testimony. |
| 08/13/05 | PBH | 4.80 | 1,560.00 | Work on opening statement, witness questioning for trial. |
| 08/15/05 | PBH | 7.80 | 2,535.00 | Prepare for and try case against JNG. |
| 08/16/05 | PBH | .60 | 195.00 | Telephone conference with expert; arrange continued hearing. |
| 08/22/05 | PBH | .90 | 292.50 | Work on expert examination, closing argument. |
| 08/23/05 | PBH | .80 | 260.00 | Prepare closing argument. |
| 08/24/05 | PBH | 4.10 | 1,332.50 | Complete closing statement; meet with expert to review testimony; try remainder of case. |
| 08/26/05 | PBH | .60 | 195.00 | Telephone conference with Mr. Olive regarding Mr. Weierke's payment due, his request for extension, issues; telephone conference with Trustee regarding request; telephone conference with Mr. Olive. |
| 09/07/05 | PBH | .90 | 292.50 | Telephone conference with Trustee regarding check from Mr. Lindell in payment of settlement; telephone conference with Mr. Olive and with Trustee regarding payment due from Mr. Weierke, deadline to pay and Trustee's exercise of rights if not paid this week; draft receipt for notes and mortgage assignment. |
| 09/09/05 | PBH | .40 | 130.00 | Close settlement with Mr. Weierke; send check to Trustee. |
| 09/30/05 | PBH | .80 | 260.00 | Review judgment and decision regarding JNG; research order effect on taxable costs. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist

Page 10
Invoice # JN

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/10/05 | MKD | .70 | 112.50 | Research bill of costs. |
| 10/27/05 | PBH | .60 | 195.00 | Call Mr. Nordstrom regarding JNG payment of judgment; begin drafting post-judgment discovery on JNG. |
| 10/27/05 | JDB | 1.50 | 165.00 | Begin drafting notice of deposition of Mr. Neff, post-judgment interrogatories and document requests. |
| 10/28/05 | JDB | 1.70 | 187.00 | Finish drafting interrogatories and document requests to Mr. Neff. |
| 10/28/05 | PBH | .20 | 65.00 | Telephone conference with Mr. Nordstrom regarding payment of judgment by JNG. |
| 11/01/05 | PBH | 1.20 | 390.00 | Review and revise deposition notice, post judgment interrogatories and document requests. |
| 11/22/05 | PBH | .40 | 130.00 | Telephone conference with Mr. Nordstrom regarding withdrawal from representing JNG; correspondence to Mr. Neff regarding responses to discovery. |
| 12/01/05 | JDB | 2.40 | 264.00 | Research bank records for payments to JNG and Mr. Neff by the Lindells. |
| 12/06/05 | PBH | .80 | 260.00 | Review correspondence from Mr. Neff regarding new attorney; call and write to new attorney regarding post-judgment discovery; correspondence to Ms. Steen with copies of discovery requests. |
| 12/07/05 | PBH | .50 | 162.50 | Telephone conference with Mr. Neff's attorney and send copies of post-judgment discovery. |
| 12/27/05 | PBH | .60 | 195.00 | Review responses by JNG to discovery; order subpoena of bank records and safe deposit box. |
| 12/27/05 | JDB | 1.10 | 121.00 | Draft subpoena to Victoria State Bank in JNG adversary; draft exhibit to subpoena. |
| 01/04/06 | PBH | .40 | 134.00 | Review and revise subpoena of JNG bank records and safe deposit box. |
| 01/06/06 | JDB | .40 | 48.00 | Revise correspondence to JNG's attorney; draft correspondence to bank with subpoena. |

FEDERAL I.D. 41-0150277

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist

| | | | | |
|---|---|---|---|---|
| 01/09/06 | JDB | 1.20 | 144.00 | Review discovery responses and documents produced for missing bank records; correspondence to Ms. Steen listing discovery responses not provided. |
| 01/09/06 | PBH | .20 | 67.00 | Review and sign correspondence to Ms. Steen regarding document production from JNG. |
| 01/11/06 | PBH | .30 | 100.50 | Telephone conference with Victoria State Bank regarding production of documents per subpoena. |
| 01/11/06 | JDB | .70 | 84.00 | Conference with Mr. Hennessy regarding safe deposit box at Victoria State Bank; multiple telephone conferences with Ms. Steen's office regarding safe deposit box key. |
| 01/12/06 | PBH | .50 | 167.50 | Telephone conference with Victoria State Bank regarding document production, examination of safe deposit box; call debtors' attorney. |
| 01/13/06 | PBH | .30 | 100.50 | Telephone conference with Victoria State Bank regarding document production. |
| 01/24/06 | PBH | .60 | 201.00 | Review bank statements produced by Victoria State Bank; have subpoena prepared on Maple Bank. |
| 01/24/06 | JDB | .70 | 84.00 | Conference with Mr. Hennessy regarding JNG bank records; draft subpoena for Maple Bank documents. |
| 01/26/06 | PBH | .40 | 134.00 | Review and revise subpoena on Maple Bank. |
| 01/26/06 | JDB | .40 | 48.00 | Revise subpoena and cover letters to Maple Bank and Ms. Steen. |
| 01/27/06 | PBH | .10 | 33.50 | Sign and serve subpoena on Maple Bank. |
| 02/10/06 | PBH | .25 | 83.75 | Telephone conference with Maple Bank regarding record production; work on new deposition notice. |
| 02/24/06 | JDB | 5.30 | 636.00 | Review bank records from Maple Bank; organize statements with check and deposit copies by month. |
| 02/25/06 | JDB | 3.40 | 408.00 | Prepare index of JNG Corp. subpoenaed bank documents; call Maple Bank regarding subpoenaed documents. |

# BEST & FLANAGAN LLP

Dwight R.J. Lindquist
Page 12
Invoice # JN

| Date | Init | Hours | Amount | Description |
|---|---|---|---|---|
| 02/15/06 | JDB | .70 | 84.00 | Draft notice of deposition of Mr. Neff; draft correspondence to Mr. Neff's attorney. |
| 02/16/06 | PBH | .20 | 67.00 | Revise and serve Neff deposition notice. |
| 02/16/06 | JDB | .30 | 36.00 | Revise notice of Nathan Neff deposition and prepare for service upon Mr. Neff's attorney. |
| 03/14/06 | PBH | 1.40 | 469.00 | Review bank statements, checks and deposition transcript; prepare for disposition of Nathan Neff of JNG. |
| 03/15/06 | PBH | 3.40 | 1,139.00 | Prepare for and depose Mr. Neff regarding JNG assets. |
| 03/29/06 | PBH | 1.10 | 368.50 | Review transcript of Neff deposition; correspondence to Ms. Steen regarding fraudulent conveyance action against Mr. Neff individually; research regarding same. |
| 04/03/06 | PBH | .25 | 83.75 | Telephone conference with Trustee regarding action against Nathan Neff regarding JNG judgment; send correspondence. |
| 05/31/06 | JDB | .90 | 108.00 | Trip to Family Law Center for information on divorce proceeding for Nathan Neff and copies of pleadings; identify to clerk requested documents. |
| 07/13/06 | JDB | .30 | 36.00 | Telephone call to Family Law Center regarding status of court's production of requested divorce records. |
| 08/17/06 | JDB | .60 | 72.00 | Telephone conference with Hennepin County regarding Neff divorce file; call Metro Legal to pick up file. |
| 08/21/06 | JDB | 2.30 | 276.00 | Review Neff divorce document copies obtained from Hennepin County. |
| 09/18/06 | PBH | .60 | 201.00 | Review orders and motions in family court proceedings seeking discovery regarding assets; lack of results of same despite substantial legal costs. |
| | | 201.15 | $48,743.25 | |

Total for Services – JNG – Weierke Adversary                                          $48,743.25

**EXHIBIT C**



## Best & Flanagan llp

|  |  |
|---|---|
| Invoice Date: | September 21, 2006 |
| Invoice Number: | GA |
| Client/Matter: | 003828-240010 |

Dwight R.J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:   Michael J. Lindell and Karen A. Lindell - Bankruptcy No. 04-41269
      General Advice

For Legal Services Rendered as Follows:

| 12/07/04 | PBH | .80 | 260.00 | Review correspondence from creditor of Twin Silver and telephone conference with Trustee regarding response. |
|---|---|---|---|---|
| 09/14/05 | PBH | .30 | 97.50 | Conference with Trustee regarding allowance of filed claim that is claim against corporation, legal basis based on legal arguments of Trustee in adversary that claim is valid against Debtor. |
| 04/25/06 | PBH | .25 | 83.75 | Telephone conference with Trustee regarding claims; review claims faxed by Trustee. |
|  |  | 1.35 | $ 441.25 |  |

Total for Services – General Advice                              $441.25

**EXHIBIT C**



### BEST & FLANAGAN LLP

|  |  |
|---|---|
| Invoice Date: | September 21, 2006 |
| Invoice Number: | PC |
| Client/Matter: | 003828-240010 |

Dwight R.J. Lindquist, Trustee
1510 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

RE:   Michael J. Lindell and Karen A. Lindell - Bankruptcy No. 04-41269
        Professional Compensation

For Legal Services Rendered as Follows:

| 11/04/05 | PBH | 1.30 | 422.50 | Prepare fee application. |
|---|---|---|---|---|
| 09/18/06 | PBH | .80 | 268.00 | Complete fee application. |
|  |  | 2.10 | $ 690.50 |  |

Total for Services – Professional Compensation                                      $690.50

225 South Sixth Street · Suite 4000 · Minneapolis, MN  55402 · (612) 339-7121 · Fax (612) 339-5897

Tax I.D. # 41-0150277

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                          Chapter 7

Michael J. Lindell and Karen A. Lindell         Bky Case No. 04-41269
a/s/f Twin Silver, Inc.
                        Debtors.

## DECLARATION REGARDING ELECTRONIC FILING AND AFFIDAVIT OF SERVICE

STATE OF MINNESOTA      }
                        }  ss
COUNTY OF HENNEPIN      }

    I, Patrick B. Hennessey, being first duly sworn, depose and say that on October 19, 2006, I filed the Application for Final Allowance of Compensation and Reimbursement of Expenses as Attorneys for the Chapter 7 Trustee by Best & Flanagan LLP, which Application was electronically served upon the parties listed below at the address stated for each entity:

Dwight R.J. Lindquist - lindquist3@earthlink.net
U.S. Trustee – ustpregion12.mn.ecf@usdoj.gov

    I will scan the original of this Declaration and save it in PDF format and understand it will be inserted into the electronic submission of the Application filing.  I consent to this Declaration being electronically filed with the United States Bankruptcy Court.  Best & Flanagan LLP will retain the original of this declaration in its file for 2 years.

_____
Patrick B. Hennessy

Subscribed and sworn to before me
this 19th day of October, 2006.

_____
Notary Public

KATHRYN J. DAHL
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

003828/240010/483808_1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                          Chapter 7

Michael J. Lindell and Karen A. Lindell         Bky Case No. 04-41269
a/s/f Twin Silver, Inc.
                         Debtors.

---

**ORDER APPROVING INTERIM APPLICATION
FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF BEST & FLANAGAN LLP**

---

This matter came on before the Court on the Final Application for Allowance of

Compensation and Reimbursement of Expenses of Best & Flanagan LLP as attorneys for the

Chapter 7 Trustee, Dwight Lindquist.  Based upon the verified Motion and the files and records

herein;

NOW, THEREFORE, it is hereby ordered that :

1.    Best & Flanagan LLP be allowed final compensation for services rendered from
      April 20, 2004 through September 18, 2006 in the amount of  $62,250.00;

2.    Best & Flanagan LLP be allowed final reimbursement of expenses incurred for
      the same period in the amount of $10,531.43; and

3.    That the Trustee is authorized to pay Best & Flanagan LLP such allowed fees and
      costs.

Dated: _____.          BY THE COURT:


                                       _____
                                       Robert J. Kressel
                                       United States Bankruptcy Judge